[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-10585
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cv-03836-KOB

KATRENIA TIPPINS,

                                                                    Plaintiff-Appellant,

versus

HONDA MANUFACTURING OF ALABAMA, LLC,

                                                                    Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(July 15, 2013)

Before WILSON, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Katrenia Tippins appeals the summary judgment against her complaint that

Honda Manufacturing of Alabama LLC, interfered with her right under the Family

and Medical Leave Act to take leave for a dental condition.  29 U.S.C. § 2615(a).

The district court ruled that Tippins's dental condition did not qualify as a serious health condition involving continuing treatment because she was not incapacitated for a continuous period of more than three days. See 29 C.F.R. § 825.115(a). We affirm.

Approximately five years after Honda hired Tippins, she was absent and failed to timely provide leave forms to excuse her absences. On September 28, 2009, Tippins "clocked out" one hour early. On October 7, 2009, Tippins submitted a request to excuse her absence on September 28 for medical treatment, but Honda denied the request as untimely based on its policy that employees seek approval of leave within 4 days of an absence.

On October 15, 2009, Tippins did not report to work, but she submitted a request for a leave of absence on the basis that she had an "[i]nfection and swelling of the face, nose, ears, lips and chin and eye." That afternoon at 3:00 p.m., Tippins met with Dr. Fred Atwell, an oral surgeon, who scheduled Tippins to undergo a tooth extraction on Wednesday, October 21, 2009. Tippins had her tooth removed as scheduled and remained at home the rest of the work week.

Dr. Atwell submitted medical leave forms to excuse Tippins's three-day absence. On October 26, 2009, Dr. Atwell sent Honda a certificate of health care provider form stating that Tippins underwent "extraction of [a] tooth"; her procedure did not involve a "serious health condition"; her "commence date of

2

incapacity [was] 10-21-09"; she could "return to normal activities [on] 10-24-09"; and her only "actual/expected date[] of treatment [was] 10-21-09." Honda immediately notified Tippins that her provider form stated she had been "incapacitated but that it was not a serious health condition" and asked her to "have [her] physician correct certification and initial changes." On October 29, 2009, Dr. Atwell sent Honda a copy of the October 26 form on which Dr. Atwell had added that Tippins underwent the extraction for "abscess tooth #4." Honda again immediately notified Tippins that her "doctor [was] indicating that [she] was incapacitated but that it was not [a] serious health condition" and instructed Tippins to have her "physician . . . complete the Certification of Health Care Provider in order to certify condition as a serious health condition and FMLA." On November 3, 2009, Dr. Atwell sent Honda another copy of the same form on which Dr. Atwell had added that Tippins's condition was a "serious health condition"; her "commence date of incapacity [was] 10-21-09"; she could "return to normal activities [on] 10-24-09"; her "in-person treatment visit(s) [were on] 10/15/09 [and] 10/21/09"; and she received prescriptions for Amoxicillin and Lorcet.

Honda determined that Tippins's dental condition did not qualify for leave under the Family and Medical Leave Act. As a result, Honda refused to excuse

3

Tippins's absence from work.  Later, Honda fired Tippins for violating the company attendance policy.

Tippins complained that Honda had denied her leave for a "serious medical condition," 29 U.S.C. § 2615(a), that "involve[d] . . . continuing treatment, id. § 2611(11).  Honda answered and moved for summary judgment on the ground that Tippins's dental condition did not qualify as a "serious medical condition involving continuing treatment" because she did not have "[a] period of incapacity of more than three consecutive, full calendar days," 29 C.F.R. § 825.115(a).  Tippins moved for partial summary judgment and argued that the "remedial" purposes of the Act allowed her to combine her absences on September 28 and October 15 with her three-day absence to satisfy the period of incapacity.

The district court granted the motion of Honda for summary judgment and denied Tippins's motion.  The district court ruled that Tippins could not combine her three-day absence with her nonsuccessive absences.  The district court based its decision on the language of the regulation requiring that the "period of incapacity [be composed] of more than three consecutive, full calendar days," 29 C.F.R. § 825.115(a), and our decision in Russell v. North Broward Hospital, 346 F.3d 1335 (11th Cir. 2003), holding that the term "consecutive" in an earlier version of the regulation required that the period of incapacity be "continuous," id. at 1338.

4

The district court did not err in granting summary judgment against Tippins. For Tippins's dental condition to qualify as a "serious health condition involving continuing treatment," her "period of incapacity [had to consist] of more than three consecutive, full calendar days." 29 C.F.R. § 825.115(a). In other words, Tippins had to prove that she had a "<u>continuous</u>[, or uninterrupted,] period of incapacity extending more than 72 hours." <u>See</u> <u>Russell</u>, 346 F.3d at 1338. Dr. Atwell certified that Tippins was incapacitated between October 21 and October 24, but that three-day period was not enough. And Tippins's absences on September 28 or October 15 did not count toward the period of incapacity because they were not "consecutive" to, 29 C.F.R. § 825.115(a), or "continuous" with, <u>Russell</u>, 346 F.3d at 1338, the three-day absence attributable to her dental procedure.

We **AFFIRM** the summary judgment in favor of Honda.

5